UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JAMES STEWART, SUE PEARCE, JOSEPH VIZZARD, WILIE JONES, TOLAN FURUSHO, and KEITH ROBERTSON, derivatively on behalf of Goldtech Mining Corporation, a Nevada Corporation

Plaintiffs,

vs.

TRACY KROEKER, RALPH JORDAN, JACK LASKIN, NANCY EGAN RICHARD SMITH, and SERGE BOURGOIN,

Defendants.

Case No. CV04-2130L

ORDER GRANTING IN PART PLAINTIFFS' MOTION FOR LEAVE TO AMEND COMPLAINT

## I. Introduction

This matter comes before the Court on plaintiffs' "Motion for Leave to Amend Complaint." Dkt. # 52. For the reasons set forth herein, the Court grants the motion in part.

## II. Background

In early October 2004, plaintiffs, stockholders of Goldtech Mining Corporation ("Goldtech"), filed a derivative action against a number of Goldtech's officers and directors. They now seek leave to amend their complaint, alleging that they have recently "become aware of additional malfeasance and breaches of fiduciary duty on the part of Defendants . . . which

ORDER GRANTING IN PART PLAINTIFFS'
MOTION FOR LEAVE TO AMEND COMPLAINT - 1

occurred after the . . . Complaint was filed." Motion at 1. By the Court's count, plaintiffs hope to add thirteen new claims to their complaint, bringing the total number of claims to seventeen. In large part, the new claims relate to defendants' alleged failure to notify plaintiff Furusho of a number of meetings of Goldtech's Board of Directors at which the Board voted to transfer shares of stock to certain parties and to sell some of Goldtech's other holdings. Plaintiffs maintain that Furusho is a "duly appointed and incumbent director of Goldtech," Motion at 2, and as such was entitled to notice of these meetings under both Nevada law and Goldtech's company bylaws.[1]

Defendants Kroeker, Jordan, Laskin, and Egan (together, "defendants"), all members of Goldtech's Board of Directors, urge the Court to deny plaintiffs' motion for the following reasons: (1) plaintiffs filed the instant motion well after the May 11 deadline for amending pleadings; (2) granting plaintiffs' motion would be unfairly prejudicial to defendants at this stage of the proceedings; (3) amendment is futile because all but one of the claims plaintiffs propose to add fail to state a claim upon which relief can be granted; and (4) plaintiffs failed to comply with the demand requirement of Fed. R. Civ. P. 23.1 in that they did not request with requisite specificity that defendants take remedial action on their grievances prior to filing the instant civil action. The Court will address these arguments in turn.

### III. Discussion

**A:   Standard of Review**

As noted by defendants, once the Court, as here, has filed a pretrial scheduling order pursuant to Fed. R. Civ. P. 16, that Rule's standards for amending pleadings controls. See

---

[1] The record before the Court suggests that Plaintiff Furusho's relationship to Goldtech is somewhat unclear. The proposed amended complaint states that Furusho was validly removed as Secretary of Goldtech on September 13, 2004; however, it also states that a few days later defendants improperly convened a special meeting of the Board and voted to remove Furusho as a director of Goldtech. Furusho was allegedly not notified of this meeting, nor was he present when the vote was conducted. See Proposed Amended Complaint at 16. He contends that he is still a member of the Board, while defendants apparently disagree.

ORDER GRANTING IN PART PLAINTIFFS'
MOTION FOR LEAVE TO AMEND COMPLAINT - 2

Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 607-08 (9th Cir. 1992); accord Eckert Cold Storage v. Behl, 943 F. Supp. 1230,1232 (9th Cir. 1996).  Pursuant to Rule 16(b), a party seeking to amend a pleading after the expiration of the time period specified in the scheduling order must show "good cause" for amendment.  Fed. R. Civ. P. 16(b); see also Matrix Motor Co., Inc. v. Toyota Jidosha Kabushiki Kaisha, 218 F.R.D. 667, 671 (9th Cir. 2003).  The "good cause" inquiry centers around the diligence of the party seeking the amendment.  See Johnson, 975 F.2d at 609 (stating that "carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief").  Notably, while the Court is permitted to consider prejudice to the non-moving party of granting leave to amend, if the moving party was not diligent "the inquiry should end."  Id.

If "good cause" can be shown, the movant must then demonstrate that amendment is warranted under Fed. R. Civ. P. 15.  Id. at 608.  Rule 15 is liberally interpreted and provides that leave to amend a complaint should be freely given when justice so requires.  Forman v. Davis, 371 U.S. 178, 182 (1962).  Courts are to consider the following factors when determining whether or not granting leave is proper: undue delay, bad faith or dilatory motive on the part of the moving party, undue prejudice to the opposing party, and futility of amendment.  Id; accord Lockheed Martin Corp. v. Network Solutions, Inc., 194 F.3d 980, 986 (9th Cir. 1999).

**B:   Analysis**

    **1.   Timeliness of Motion**

Plaintiffs filed the instant motion on June 30, 2005, well after the deadline for amending pleadings and ten days before the date upon which discovery was to be completed.  See Dkt. # 42.  Plaintiffs argue that good cause for granting leave to amend exists because "the additional actions in dispute did not come to Plaintiffs' attention until after the complaint had been filed and only several days prior to the deadline for amending pleadings."  Motion at 6.  Defendants did not disclose the facts giving rise to the new claims in the context of this litigation, either in its pleadings or during discovery, but argues that plaintiffs should have discovered those facts

ORDER GRANTING IN PART PLAINTIFFS'
MOTION FOR LEAVE TO AMEND COMPLAINT - 3

because they were posted by Goldtech for public viewing on the [SEC's] . . . website as of November 15, 2004 and [were] also contained in filings submitted to the SEC on May 3, 2005." Response at 3. Plaintiffs allege that they did not find out about the relevant facts in a timely manner because defendants disregarded the SEC disclosure requirements of Forms 8-K, 10-QSB, and 10-KSB.

To the extent that plaintiffs' new claims are based on the 2.2 million shares issued by Goldtech to defendant Kroeker and/or on the sale of Goldtech's software subsidiary, Envyr Corp., defendants have the better of the argument. Information regarding these transactions was included in defendants' November 2004 SEC filing and plaintiffs could have brought claims based on them many months ago.[2] Decl. of Alexander Baehr, Ex. B. Plaintiffs were not sufficiently diligent with respect to this information and they have not shown "good cause" for leave to amend with regards to these claims. See Johnson, 975 F.2d at 609. Consequently, plaintiffs will not be permitted to add claims related to the 2.2 million shares issued to Kroeker or the sale of Envyr.

The information defendants included in their May 3, 2005, SEC filing, however, only recently became available to plaintiffs. The slight delay in discovering the documents once they were filed with the SEC and filing this motion amend based on the new information is not unreasonable given plaintiffs' Rule 11 obligations. Especially in light of plaintiffs' assertion that their failure to move in a timely fashion was a direct result of defendants' failure properly to disclose the relevant information to the SEC, the Court finds that it was not for lack of care that plaintiffs filed the motion to amend at such an advanced date. See id. Therefore, there is "good

---

[2] While the November 2004 filing did not disclose the amount that Envyr was sold for, it did disclose that it was sold. Plaintiffs' claims based on this transaction relate to their allegation that plaintiff Furusho neither received notice of a Goldtech Board of Directors meeting to vote upon or otherwise approve the sale of Envyr nor consented to the sale. Motion at 8. Presumably, had plaintiffs moved for leave to amend in a timely fashion (*i.e.*, sometime between November 2004 and the May 2005 deadline for amending pleadings), discovery would have revealed that the sale was effected for $1, an amount which they claim was not in the best interests of the corporation. Motion at 8.

ORDER GRANTING IN PART PLAINTIFFS'
MOTION FOR LEAVE TO AMEND COMPLAINT - 4

1  cause" for granting leave to amend as to the remaining eleven claims.

### 2. Prejudice, Undue Delay, and Futility

The next step of the analysis requires the Court to determine whether or not amendment is warranted under Fed. R. Civ. P. 15, which, as indicated above, involves consideration of four factors, namely prejudice, undue delay, futility, and bad faith. Forman, 371 U.S. at 182. Defendants contend that they will suffer prejudice and undue delay should the Court grant plaintiffs' motion. In support of their position, defendants point the Court to Solomon v. North Am. Life & Cas. Ins. Co., 151 F.3d 1132, 1139 (9th Cir. 1998), where the Ninth Circuit affirmed the district court's conclusion that permitting the plaintiff to file an amended complaint on the eve of the discovery deadline would cause undue delay and prejudice. Accord Lockheed Martin Corp., 194 F.3d at 986 ("a need to reopen discovery and therefore delay proceedings supports a district court's finding of prejudice from a delayed motion to amend the complaint"). Solomon can be distinguished from the instant case in that the district court's decision to deny the plaintiff's motion to amend was also grounded upon a finding that plaintiff wished to add a claim that "would not benefit [him]" and that was subject to dismissal under Fed. R. Civ. P. 12(b)(6). Solomon, 151 F.3d at 1138. Similarly, in Lockheed Martin Corp., the motion to amend was denied because, unlike the case before the Court, the plaintiff gave no reason for failing to file his motion at an earlier date and "[n]othing in [his] . . . proposed amended complaint relied on facts that were unavailable before the stipulated deadline." Lockheed Martin Corp., 194 F.3d at 196. Consequently, while it is certainly true that allowing plaintiffs to amend their complaint at this stage of the proceedings will delay the trial and require re-opening of discovery, that fact alone does not warrant denial of plaintiffs' motion. Trial continuances are common and do not place defendants at an unfair disadvantage, especially where the alternative appears to be a separate action involving the same parties before a different fact finder.

A similar analysis applies to defendants' arguments regarding delay. Here, the delay is not undue because plaintiffs only recently discovered the actionable facts giving rise to the new

ORDER GRANTING IN PART PLAINTIFFS'
MOTION FOR LEAVE TO AMEND COMPLAINT - 5

claims. If the Court were to deny plaintiffs motion to amend, plaintiffs could file a separate complaint containing the allegations which they wish to include here, thus requiring defendants to go through a new round of discovery anyway. The delay in asserting most of plaintiffs' new claims is not unreasonable or unfair.

Defendants also contend that granting leave to amend is futile because: (1) all but one of plaintiffs' new claims fail to state a claim upon which relief can be granted and, accordingly, are subject to dismissal pursuant to Fed. R. Civ. P. 12(b)(6); and (2) the new claims are "improper under both Nevada law and Goldtech's Articles of Incorporation in that they fail to specifically allege that the directors of Goldtech intentionally, willfully, fraudulently, or knowingly violated their fiduciary duties to the corporation or the shareholders." Reply at 13. As a preliminary matter, the Court notes that a complaint should be dismissed for failure to state a claim only if it "appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). In reviewing Rule 12(b)(6) motions, the complaint is construed in the light most favorable to the plaintiff, its allegations of material fact are taken as true, and all reasonable inferences are drawn in favor the plaintiff. See Oscar v. Univ. Students Co-Operative Ass'n, 965 F.2d 783, 785 (9th Cir. 1992); accord Knievel v. ESPN, 393 F.3d 1068, 1080 (9th Cir. 2005).

With these principles in mind, the Court finds that the proposed amended complaint is not subject to dismissal for failure to state a claim. Plaintiffs base a number of their new claims on specific provisions of Nevada corporate law (*e.g.*, Nev. Rev. Stat. 78.565, 78.438, 78.439, and 78.140), and have made factual allegations which could justify the relief requested. Moreover, despite defendants' claim that plaintiffs have failed to allege that Goldtech's directors intentionally, fraudulently, or knowingly breached their fiduciary duties, as required by Nev. Rev. Stat. 78.137 and Goldtech's Articles of Incorporation, it is reasonable to infer from plaintiffs' pleadings that they are indeed alleging intentional and knowing misconduct on the part of the defendant directors. Those claims not based on a statute (*i.e.*, conversion, fraud, and

ORDER GRANTING IN PART PLAINTIFFS'
MOTION FOR LEAVE TO AMEND COMPLAINT - 6

breach of duty of care/loyalty) also state claims upon which relief could be granted. Based on the current record, the Court cannot conclude that permitting leave to amend would be futile.[3]

### 4. Fed. R. Civ. P. 23.1

Finally, defendants contend that plaintiffs' motion should be denied because they failed to comply with Fed. R. Civ. P. 23.1. In relevant part, this Rule provides:

> In a derivative action brought by one or more shareholders . . . to enforce a right of a corporation . . . [t]he complaint shall . . . allege with particularity the efforts, if any, made by the plaintiff to obtain the action the plaintiff desires from the directors or comparable authority . . . , and the reasons for the plaintiff's failure to obtain the action or for not making the effort.

Plaintiffs mailed defendants a letter on June 6, 2005, demanding that Goldtech take remedial action with regard to a number of their complaints.[4] Defendants argue that the letter lacked specificity and that plaintiffs did not provide them with sufficient time to respond to the letter's allegations before filing the motion for leave to amend. Response at 11 (noting that plaintiffs base ten of their new claims on the allegations contained in the June 6th demand letter). Defendants also point out, and plaintiffs acknowledge, that three of the new claims are based on allegations that were not included in the demand letter.

Rule 23.1 does not create a requirement that plaintiffs make a demand on Goldtech's Board of Directors prior to filing suit; rather, whether or not such a demand is required is governed by the applicable substantive law. Kamen v. Kemper Financial Services, 500 U.S. 90, 96 (1991); see also Kayes v. Pacific Lumber Co., 51 F.3d 1449, 1463 n.10 (9th Cir. 1995); DEBORAH A. DEMOTT, SHAREHOLDER DERIVATIVE ACTIONS: LAW AND PRACTICE § 5:3

---

[3] Defendants have not argued that the new claims are being asserted in bad faith.

[4] The letter requested that remedial action be taken on five distinct events. The Court has already ruled that plaintiffs will not be permitted to add claims regarding two of these events, namely, the issuance of 2.2 million shares to defendant Kroeker and the sale of Envyr. The remaining three events are the issuance of 1 million shares to Envyr, the issuance of 5.633 million shares to defendant Kroeker, and the issuance of 2 million shares to 1132284 Alberta Corp.

ORDER GRANTING IN PART PLAINTIFFS'
MOTION FOR LEAVE TO AMEND COMPLAINT - 7

(2004) ("the language of Rule 23.1 itself regulates only pleading with respect to demand and does not itself impose or define demand requirements; only the substantive law applicable to the action can govern the necessity or conditions for demand on . . . directors.").[5]  The applicable substantive law in this instance is that of Nevada, see Dreiling v. Am. Express Travel Related Services Co., Inc., 351 F. Supp.2d 1077, 1085 (W.D. Wash. 2004) ("[t]he substantive requirements of demand are governed by the law of the state of incorporation"), which does not require a pre-complaint demand on the directors.  See generally, Nev. Rev. Stat. T. 7, Ch. 78 (2004).[6]  Because Nevada has no pre-complaint demand requirement, the alleged insufficiency of plaintiffs' June 6th demand letter is inconsequential to the instant motion.

The issue, then, is the sufficiency of plaintiffs' pleading, and specifically whether or not the proposed amended complaint alleges "with particularity the efforts, if any, made by the plaintiff[s] to obtain the action the[y] . . . desire[] from the directors or comparable authority . . . , and the reasons for the[ir] . . . failure to obtain the action or for not making the effort."  Fed. R. Civ. P. 23.1.  The standard for this portion of Rule 23.1 is "generally lenient" and, in construing it, "the federal courts have generally not insisted that a significant amount of detail relating to the demand be pleaded."  7C CHARLES ALLEN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 1831 (1986): see also Fleishacker v. Blum, 109 F.2d 543 (9th Cir. 1940).

Plaintiffs' efforts to plead with particularity their attempts to seek an intracorporate

---

[5] Defendants' reliance on pre-Kamen cases from the District of Delaware and the Third and Sixth Circuits is unpersuasive.  See Response at 9-10.

[6] Nevada's procedural requirements mirror those contained in Fed. R. Civ. P. 23.1.  See Nev. Rev. Stat. 23.1 ("The complaint shall . . . allege with particularity the efforts, if any, made by the plaintiff to obtain the action the plaintiff desires from the directors or comparable authority and, if necessary, from the shareholders or members, and the reasons for the plaintiff's failure to obtain the action or for not making the effort."  See also Kamen, 500 U.S. at 102 n.7 (noting that all states have adopted the pre-complaint demand requirement).

ORDER GRANTING IN PART PLAINTIFFS'
MOTION FOR LEAVE TO AMEND COMPLAINT - 8

remedy prior to filing suit consist of stating that they "made a demand upon the Defendant Directors to remedy the allegations" made in section "G" of the proposed amended complaint, see Proposed Amended Complaint at 13-17, and three averments that plaintiff Furusho sent letters on August 20, 2004, demanding that remedial action be taken on improprieties allegedly committed by defendants in 2004.  See id. at 8, 10, & 13.  While the text of the proposed amended complaint itself contains no information about any efforts to obtain plaintiffs' desired remedial action with regard to the allegations set forth in pages 17-33, the June 6th letter demonstrates that plaintiffs indeed made such efforts.  The Court concludes that plaintiffs have met the requirements of Rule 23.1.

## IV. Conclusion

For all of the foregoing reasons, it is hereby ORDERED that plaintiff's motion for leave to file an amended complaint is GRANTED in part.  Plaintiffs are instructed to file an amended complaint not inconsistent with this order by September 9, 2005.  Defendants shall plead in response to the amended complaint within ten days after service.  See Rule 15(a).  The parties shall also confer to determine the nature and scope of the discovery that will have to be taken to prepare for trial on plaintiffs' new claims and shall, no later than Friday, September 16, 2005, contact the Court's judicial assistant, Teri Roberts, at (206) 370-8810 with a proposed discovery deadline.  The Court assumes, based on its prior scheduling orders, that discovery regarding plaintiffs' initial four claims and defendants' defenses thereto has already been completed: except as mutually agreed by the parties, only discovery related to the newly added claims will be permitted during the additional discovery period.

DATED this 29th day of August, 2005.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER GRANTING IN PART PLAINTIFFS'
MOTION FOR LEAVE TO AMEND COMPLAINT - 9