UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
JAMES STEWART, *et al.*, )
                                  Plaintiffs, )    Case No. C04-2130L
        v. )
)    ORDER DENYING DEFENDANTS'
TRACY KROEKER, *et al.*, )    MOTION FOR CONTEMPT AND
)    FOR EVIDENTIARY RULING
                                  Defendants. )
_____)

       This matter comes before the Court on "Defendant Kroeker, Laskin, Egan and Jordan's Motion for Contempt Against Third Party Witness Beverlee Claydon and for a Finding of Principal-Agent Relationship Between Claydon and Plaintiff Tolan Furusho." Dkt. # 74. Having reviewed the memoranda, declarations, and exhibits submitted by the parties, the Court finds as follows:

       1. Beverlee Claydon appeared and testified in compliance with a subpoena issued pursuant to Fed. R. Civ. P. 45. Defendants argue that because she asserted her Fifth Amendment privilege in response to a number of questions, she should be held in contempt of court under Rule 45(f). "The subpoena did not direct [Claydon] to answer any of the specific questions propounded by [defendants, however]. If [she] is to be held in contempt for failure to answer questions, then it must be pursuant to Rule 37(b)(1) . . . ." Fremont Energy Corp. v. The Seattle Post-Intelligencer, 688 F.2d 1285, 1287 (9th Cir. 1982). Defendants eschewed a motion

ORDER DENYING DEFENDANTS' MOTION
FOR CONTEMPT AND FOR EVIDENTIARY
RULING

to compel under Rule 37 and are therefore unable to show that Claydon failed "to answer a question after being directed to do so by the court . . . ." Fed. R. Civ. P. 37(b)(1). The motion for a finding of contempt is denied.

2. Whether an adverse inference should be drawn from Claydon's refusal to testify is best determined in the context of a fully-briefed dispositive motion or at trial. In the absence of specific legal arguments and factual issues, it is very difficult for the Court to determine whether the information Claydon is withholding will compromise defendants' ability to defend themselves. It is possible, for example, that Claydon's refusal to testify will prevent plaintiffs from presenting admissible evidence in support of their claims. In such circumstances, no adverse inference will be necessary because plaintiffs will be unable to satisfy their burden of proof in the first instance and Claydon's invocation of her Fifth Amendment rights would cause defendants no appreciable harm. On the other hand, defendants may be able to obtain any and all necessary information from Tolan Furusho, Claydon's alleged principal. If that were the case, Claydon's refusal to testify would not hinder defendants and an adverse inference would not be justified (especially against Furusho).[1]

3. Plaintiffs' objections to Exhibits B and C to the Declaration of Alexander A. Baehr are overruled. Publications purported to be issued by a public authority are self-authenticating under Fed. R. Ev. 902(5). Plaintiffs' Rule 403 objection is also overruled. To the extent defendants have presented evidence showing that Claydon was barred from becoming or acting as a director or officer of a corporation during the relevant time period, it helps explain why the

---

[1] In their motion, defendants argue that Claydon acted as Furusho's agent and request that any adverse inference drawn against Claydon also be applied to Furusho. In their reply, defendants maintain that Claydon was the hidden power behind Goldtech Nevada even though she could not be officially named as a director or officer. Whether Claydon is properly characterized as Furusho's assistant (and potentially his agent) or as Furusho's "cohort" (and possibly his partner or superior) cannot be determined with confidence based on the evidence presented by the parties. Because the Court has declined to draw an adverse inference at this point in the litigation, this issue need not be resolved.

ORDER DENYING DEFENDANTS' MOTION
FOR CONTEMPT AND FOR EVIDENTIARY
RULING                                         -2-

testimony of a mere "assistant" is crucial to this case: one inference drawn from the evidence is that Claydon was far more powerful in the corporate structure than her title would suggest and that the title was simply an attempt to evade the bar orders of the regulatory agencies.

   4. In their reply, defendants ask that Claydon be required to sit for another deposition and answer all questions other than those seeking privileged information. Reply at 7 (Dkt. # 90). Plaintiffs have not had an opportunity to respond to this newly-requested relief, however, nor have defendants shown that Claydon improperly asserted her Fifth Amendment privilege. Defendants' belated request for an order compelling discovery is denied.

    For all of the foregoing reasons, defendants' motion for a finding of contempt and an evidentiary ruling is DENIED.

   DATED this 13th day of September, 2005.

          */s/ Robert S. Lasnik*
         Robert S. Lasnik
         United States District Judge

ORDER DENYING DEFENDANTS' MOTION
FOR CONTEMPT AND FOR EVIDENTIARY
RULING        -3-