1

2

3

4

5

6

7                          UNITED STATES DISTRICT COURT
                          WESTERN DISTRICT OF WASHINGTON
8                                    AT SEATTLE

9

10   JAMES STEWART, SUE PEARCE, JOSEPH
     VIZZARD, WILIE JONES, TOLAN FURUSHO,
11   and KEITH ROBERTSON, derivatively on behalf      Case No.  CV04-2130L
     of Goldtech Mining Corporation, a Nevada
12   Corporation
                                                      ORDER GRANTING IN PART
13                    Plaintiffs,                      DEFENDANTS' MOTION FOR
                                                      SUMMARY JUDGMENT
14          vs.

15   TRACY KROEKER, RALPH JORDAN, JACK
     LASKIN, NANCY EGAN RICHARD SMITH,
16   and SERGE BOURGOIN,

17                    Defendants.

18          This matter comes before the Court on "Tracy Kroeker, Jack Laskin, Ralph Jordan

19   and Nancy Egan's Motion for Summary Judgment."  Dkt. # 78.  Summary judgment is

20   appropriate when, viewing the facts in the light most favorable to the nonmoving party, there is

21   no genuine issue of material fact which would preclude the entry of judgment as a matter of law.

22   The party seeking summary dismissal of the case "bears the initial responsibility of informing

23   the district court of the basis for its motion, and identifying those portions of 'the pleadings,

24   depositions, answers to interrogatories, and admissions on file, together with the affidavits, if

25   any,' which it believes demonstrate the absence of a genuine issue of material fact."  Celotex

26   Corp. v. Catrett, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)).  Once the moving

27

28   ORDER GRANTING IN PART DEFENDANTS'
     MOTION FOR SUMMARY JUDGMENT- 1

party has satisfied its burden, it is entitled to summary judgment if the non-moving party fails to designate "specific facts showing that there is a genuine issue for trial." Celotex Corp., 477 U.S. at 324. "The mere existence of a scintilla of evidence in support of the non-moving party's position is not sufficient," however, and factual disputes whose resolution would not affect the outcome of the suit are irrelevant to the consideration of a motion for summary judgment. Arpin v. Santa Clara Valley Transp. Agency, 261 F.3d 912, 919 (9th Cir. 2001); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). In other words, "summary judgment should be granted where the nonmoving party fails to offer evidence from which a reasonable jury could return a verdict in its favor." Triton Energy Corp. v. Square D Co., 68 F.3d 1216, 1221 (9th Cir. 1995).

Taking the evidence presented in the light most favorable to plaintiffs, the Court finds as follows:

(1) In their Verified Stockholders' Derivative Complaint, plaintiffs asserted three causes of action against the moving defendants: breach of duty of care, breach of duty of loyalty, and conversion. Those claims are restated in the First Amended Verified Stockholders' Derivative Complaint filed on September 9, 2005, and defendants Kroeker, Jordan, Egan, and Laskin seek summary judgment on all three claims. All parties agree that Nevada law governs this case.

Plaintiffs allege that the moving defendants breached their duty of care by issuing company stock under Securities and Exchange Commission ("SEC") Form S-8 for unlawful purposes, by failing to take remedial actions when plaintiff Tolan Furusho raised concerns regarding the S-8 stock issuance, and/or by failing to know the affairs of the corporation. Opposition at 12-14. Plaintiffs also allege that the moving defendants breached their duty of loyalty and converted company property by creating a kick-back scheme whereby the beneficiaries of the S-8 stock transfers conveyed the stock certificates to defendants and/or their agents. Because this action was commenced on October 14, 2004, plaintiffs are required to show not only that defendants' actions or omissions constituted a breach of their fiduciary

ORDER GRANTING IN PART DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT- 2

1    duties, but also that the "breach of those duties involved intentional misconduct, fraud or a

2    knowing violation of law."  NRS § 78.138(7).[1]

3                    (2) Defendants have presented evidence tending to show that S2 Consultants, one

4    of the recipients of the S-8 shares at issue, entered into a consulting agreement with Goldtech

5    Mining Corporation and provided valuable services in consideration for the restricted stock it

6    received in May 2004.  See Decl. of Ryan Shaver (Dkt. # 85).  Plaintiffs do not present any

7    evidence to rebut or refute defendants' showing, instead arguing that because defendants

8    Kroeker and Jordan have not responded to plaintiff Furusho's requests for information regarding

9    the S2 agreement, plaintiffs are "unable to establish that any work by S2 was performed to

10   justify the issuance of 200,000 shares of Goldtech common stock . . . ."  Opposition at 10.

11   Discovery regarding these claims closed in July 2005.  If defendants were not forthcoming in

12   discovery, plaintiffs should have filed a timely motion to compel.  At this point in the litigation,

13   plaintiffs may not rely on the mere possibility that evidence supporting their claim may exist

14   and/or may be discovered in the future: their burden is to come forward with admissible

15   evidence showing that there is a genuine issue of fact to be determined at trial.  Plaintiffs have

---

[1] NRS 78.138(7) states in its entirety:

Except as otherwise provided in NRS 35.230, 90.660, 91.250, 454.200, 454.270, 668.045 and 694A.030, or unless the articles of incorporation or an amendment thereto, in each case filed on or after October 1, 2003, provide for greater individual liability, a director or officer is not individually liable to the corporation or its stockholders or creditors for any damages as a result of any act or failure to at in his capacity as a director or officer unless it is proven that:

(a) His act or failure to act constituted a breach of his fiduciary duties as a director or officer; and

(b) His breach of those duties involved intentional misconduct, fraud or a knowing violation of law.

Plaintiffs have not argued that the company's articles of incorporation or any of the identified statutes expand the scope of an officer or director's liability beyond that provided in NRS 78.138(7).

ORDER GRANTING IN PART DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT- 3

1  not done so with regards to the shares issued to S2 Consultants.

2          (3)  With regards to plaintiffs' claims against defendant Tracy Kroeker, the

3  testimony of the parties regarding who initiated the issuance of the S-8 shares cannot be

4  reconciled: Furusho has stated that "[i]t was Ms. Kroeker who requested that S-8 stock be issued

5  to consultants, including Richard Smith," while Kroeker's testimony suggests that her only

6  involvement in the issuance was to sign documents at Furusho's request.  Decl. of Tolan

7  Furusho at ¶ 11 (Dkt. # 96); Decl. of Tracy Kroeker at ¶ 8 (Dkt. # 80).  Plaintiffs have provided

8  the declaration of Furusho to show that he did not know or have any relationship with Richard

9  Smith,[2] that Kroeker assured him that Smith had done and was doing work for the company, and

10  that it was not until Kroeker revealed that she had arranged a post-issuance sale of the S-8 stock

11  that Furusho realized the stock was being used for an improper purpose.  If plaintiffs are able to

12  establish these facts at trial, a reasonable jury could find that defendant Kroeker wilfully and

13  intentionally breached her duty of care by initiating an improper securities transfer to Richard

14  Smith in violation of federal law.[3]  The Court cannot resolve the obvious credibility issues raised

15  by the conflicting declarations in the context of this motion for summary judgment.

16          Plaintiffs have not, however, come forward with evidence sufficient to raise a

17  genuine issue of fact regarding their breach of loyalty and conversion claims.  Although plaintiff

18  Furusho states that defendant Kroeker admitted having sold S-8 stock during the relevant period

19  (Decl. of Tolan Furusho at ¶ 16 (Dkt. # 96)), the evidence in the record refutes this testimony.

20  _____

21          [2]  Plaintiffs have not provided a declaration from Beverlee Claydon.  Statements regarding what
22  Claydon thought, knew, or was told have not been considered in ruling on this motion for summary
judgment.

23          [3]  In his declaration, plaintiff Furusho states that Nicholas Markovino provided *bona fide* services
24  in consideration for the 500,000 common shares he received under Form S-8.  Decl. of Tolan Furusho at
¶ 14 (Dkt. # 96).  Having acknowledged the propriety of issuing those shares to Markovino, plaintiffs
25  cannot establish a breach of the duty of care arising out of this transfer.  Nor have plaintiffs made any
26  attempt to show that Kroeker requested, initiated, or was otherwise involved in the issuance of S-8 stock
to the other recipients identified in the transfer records of May 12, 2004, such as Richard Granieri,
27  Robert Christian, Daniel Prins, Nick Fast, Yan Skwara, or Hank Vanderkam.

28  ORDER GRANTING IN PART DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT- 4

1   The transactional records of the company and its transfer agent contain no indication that there

2   were any transfers of Goldtech Mining Corporation stock to or from Tracy Kroeker between

3   May 12, 2004 (the date the S-8 stock issued) and October 14, 2004 (the date this action was

4   filed).  Decl. of Ralph Jordan at Ex. A (Dkt. # 81); Decl. of Thomas E. Puzzo at Ex. D (Dkt.

5   # 95).  Even if one considers the subsequent transfers of S-8 stock from Richard Smith, Nicholas

6   Markovino, *etc.*, to third parties, plaintiffs have failed to provide any evidence that these

7   individuals were acting as Kroeker's agents while engaged in these transactions or that the

8   transactions enriched defendant Kroeker, constituted a conversion of company property for

9   which Kroeker could be held liable, or otherwise breached Kroeker's duty of loyalty.  Although

10  plaintiffs' breach of the duty of care claim against Kroeker may proceed regarding the issuance

11  of S-8 shares to Robert Smith, Kroeker is entitled to summary judgment on plaintiffs' conversion

12  and breach of duty of loyalty claims in their entirety.

13          (4) Although plaintiffs state in their opposition that "[d]efendant Jordan knew and

14  approved of the issuance of the S-8 Shares" (Opposition at 7), the evidence does not support

15  such a contention.  In his declaration, Furusho states that Jordan became aware of the S-8 share

16  issuance only after Furusho brought it to his attention in August or September 2004.  Decl. of

17  Tolan Furusho at ¶ 21 (Dkt. # 96).  Jordan has also stated that he first discovered problems with

18  the distribution of the S-8 shares in August 2004 when he reviewed the draft second quarter

19  Form 10-Q that Beverlee Claydon sent him.  Decl. of Ralph Jordan at ¶¶ 11-12 (Dkt. # 81);

20  Supplemental Decl. of Ralph Jordan at ¶ 8 (Dkt. # 100).  In an attempt to show that Jordan was

21  aware of the S-8 share issuance, plaintiffs offer a partially legible document with what appears

22  to be five signature blocks, a fax header, and the word "Thanks!" written at the bottom.  One of

23  the signature blocks has Tracy Kroeker's name typed on the signature line and one of the blocks

24  bears Ralph Jordan's signature.  Goldtech's outside securities counsel, Hank Vanderkam, was

25  asked about this document during his deposition and could say only that the signature was Ralph

26  Jordan's, that the document is a signature page for an S-8 issuance, and that it was found in

27

28  ORDER GRANTING IN PART DEFENDANTS'
    MOTION FOR SUMMARY JUDGMENT- 5

1    Vanderkam's files.  The document is not attached to a Form S-8, there is no evidence that it was

2    ever attached to a Form S-8 (the fax header identifies the document as "P.01"), there is no

3    evidence that this document or any Form S-8 signed by Jordan was filed with the SEC in May

4    2004, and Jordan has stated that he did not know that this signature block related to the issuance

5    of the S-8 shares.  Supplemental Decl. of Ralph Jordan at ¶ 9 (Dkt. # 100).  In light of plaintiff

6    Furusho's admission that Jordan was unaware of the S-8 issuance until August or September

7    2004, this incomplete and ambiguous document does not give rise to a reasonable inference of

8    prior knowledge on Jordan's part.

9            Plaintiffs also point to the fact that one of the proposed recipients of the S-8

10   shares, Daniel Prins, works for Jordan.  Based on nothing more than the existence of this

11   employee/employer relationship, plaintiffs argue that Jordan initiated the transfer of S-8 shares

12   to Prins in order to benefit from a further conveyance of those shares, or a portion thereof, to

13   Jordan.  As discussed above, there is no evidence that Jordan initiated, knew of, or was involved

14   in the May 12, 2004, issuance of S-8 shares and the fact that one of the proposed recipients

15   worked for him does not give rise to an inference of such involvement.  In addition, there is no

16   evidence that Prins entered into a consulting agreement with Goldtech (sham or otherwise), that

17   he ever took possession of the S-8 shares issued in his name, or that he transferred those shares

18   to any person or entity other than Goldtech.  Decl. of Ralph Jordan at Ex. A (Dkt. # 81); Decl. of

19   Thomas E. Puzzo at Ex. D (Dkt. # 95).  Plaintiffs' allegations against defendant Jordan are based

20   on innocuous facts or ambiguous documents coupled with rank speculation and conjecture.

21   Having failed to produce any evidence from which a factfinder could reasonably conclude that

22   Jordan breached his duty of care, breached his duty of loyalty, or converted company property

23   for his own use, these three claims against Jordan must be dismissed.

24            (5) Without specifying any details regarding their conduct or state of mind,

25   plaintiffs allege that defendants Laskin and Egan breached their duties to the company by

26   orchestrating the transfer of S-8 shares to Prins with the intent that such shares, or a portion

27

28   ORDER GRANTING IN PART DEFENDANTS'
     MOTION FOR SUMMARY JUDGMENT- 6

thereof, would be further conveyed to them for their own personal benefit.  No evidence is offered in support of these accusations.  In light of Laskin and Egan's statements that they were unaware of the consulting agreements or the issuance of the S-8 shares until informed by Jordan in August or September 2004, plaintiffs' unsupported speculation does not give rise to a material issue of fact.

(6) Plaintiffs allege that defendants Jordan, Laskin, and Egan breached their duty of care by failing to investigate and/or repudiate the issuance of the S-8 shares when Furusho brought the matter to their attention in August and/or September 2004.  Plaintiffs ignore the fact that all three defendants signed written protests challenging the procedures by which the S-8 shares were authorized.  In addition, Jordan, as Chief Executive Officer of the company, initiated an investigation of the consulting agreements, the S-8 shares, and Furusho's allegations against Kroeker.  As of September 17, 2004, Jordan concluded that, contrary to Furusho's primary contentions, Kroeker had neither received S-8 shares nor improperly transferred them to third parties.  Jordan also took steps to recall and recover the questionable shares during this period.  Jordan shared his report and/or conclusions with Laskin and Egan, who relied on his investigative work and agreed with his recommendation to remove Furusho from his position as an officer of the company.  Such deference is neither unreasonable nor unlawful: Jordan was active in the day-to-day operations of the company and Furusho has not identified any rule of law or corporate management that would require each and every director to independently investigate allegations of wrongdoing in order to discharge their duty of care to the company.  The fact that Furusho disagrees with the conclusions reached and actions taken by Jordan, Laskin, and Egan does not indicate that the directors were uninformed or failed to investigate his allegations.

(7) Plaintiffs may not rely on hearsay to support their claims.  As noted in footnote 2, statements regarding what Beverlee Claydon thought, knew, or was told have not been considered in ruling on this motion for summary judgment.  The letter from Nicholas Markovino

1   regarding the disposition of his 500,000 S-8 shares is also an out-of-court statement offered for

2   the truth of the matters asserted that has not been considered.

3         Plaintiff Furusho's statement that "all of the 500,000 shares of common S8 [sic]

4   stock issued to Richard Smith and the remaining 450,000 shares of common S8 [sic] stock

5   issued to Nick Markavino [sic] were delivered to and received by Tracy Kroeker via FedEx" has

6   been considered in light of the transactional records, interrogatory responses, and the limited

7   foundation set forth in the record.  For purposes of this motion, the Court has assumed that, at

8   some point after May 12, 2004, both Furusho and Kroeker held in their possession some of the

9   actual stock certificates associated with the S-8 shares.  The Court has concluded, however, that

10  in the absence of any evidence that ownership or actual control over their disposition of the

11  shares was transferred with the physical stock certificates, temporary custody over the

12  certificates does not give rise to a genuine issue of material fact regarding any of plaintiffs'

13  claims.

14

15        For all of the foregoing reasons, defendants' motion for summary judgment

16  regarding plaintiffs' original three claims as restated in the First Amended Verified

17  Stockholders' Derivative Complaint is GRANTED in part and DENIED in part.  The breach of

18  duty of care, breach of duty of loyalty, and conversion claims against defendants Jordan, Laskin,

19  and Egan are hereby DISMISSED.  The breach of duty of care claim against defendant Kroeker

20  may proceed regarding the issuance of S-8 shares to Robert Smith: plaintiffs have raised a

21  genuine issue of fact regarding who initiated and controlled the issuance of the S-8 shares to

22  Smith in May 2004.  Kroeker is entitled to summary judgment on plaintiffs' breach of duty of

23  loyalty and conversion claims, however, as well as the breach of duty of care claim to the extent

24  it relies on the issuance of shares to persons or entities other than Smith.

25

26

27

28  ORDER GRANTING IN PART DEFENDANTS'
    MOTION FOR SUMMARY JUDGMENT- 8

1        DATED this 19th day of December, 2005.

2

3

4                        Robert S. Lasnik
                        United States District Judge

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28   ORDER GRANTING IN PART DEFENDANTS'
      MOTION FOR SUMMARY JUDGMENT- 9