1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JAMES STEWART, SUE PEARCE, JOSEPH
VIZZARD, WILIE JONES, TOLAN FURUSHO,
and KEITH ROBERTSON, derivatively on behalf
of Goldtech Mining Corporation, a Nevada
Corporation

            Plaintiffs,

    vs.

TRACY KROEKER, RALPH JORDAN, JACK
LASKIN, NANCY EGAN RICHARD SMITH,
and SERGE BOURGOIN,

        Defendants.

Case No.  CV04-2130L

ORDER DENYING PLAINTIFFS'
ORAL MOTION FOR
RECONSIDERATION

On January 23, 2006, the Court found that "the evidence in the record could

support a finding that defendants made a mistake in relying on NRS 78.335 and/or in assuming

that Furusho received the two faxes sent by Jordan" but that "[t]here is no evidence of any

intentional misconduct or fraud with regards to these actions or the convening of Board of

Directors' meetings in Furusho's absence after September 13, 2004."  Order Granting

Defendants' Second Motion for Summary Judgment, Dkt. # 128 at 5.  To the extent plaintiffs

claimed that the Goldtech Mining Corporation was injured by procedural failures regarding

notice of Board meetings and the removal of Furusho as a director, their claims were dismissed.

After the Court issued its ruling on defendants' second motion for summary

ORDER DENYING PLAINTIFFS' ORAL
MOTION FOR RECONSIDERATION - 1

judgment, plaintiff Tolan Furusho initiated an action in Nevada state court seeking a declaration that he is the sole remaining director of Goldtech Mining Corporation.  Only the corporation was named as a defendant and served with the complaint: the defendants in this action apparently had no notice of or opportunity to defend the Nevada action.  Default judgment was entered declaring that Mr. Furusho "is the sole remaining director of Goldtech as of December 8, 2005 and to the date of this judgment."  Plaintiffs have now made an oral motion for reconsideration of the Court's January 23, 2006, decision based on the Nevada default judgment.

Assuming plaintiffs' motion for reconsideration was timely filed, such motions are disfavored in this district and will be granted only upon a "showing of manifest error in the prior ruling" or "new facts or legal authority which could not have been brought to [the Court's] attention earlier without reasonable diligence."  Local Civil Rule 7(h)(1).  The default judgment obtained in Nevada changes none of the factual findings or legal conclusions contained in the Court's summary judgment order.  If the notice of Board meetings and/or the removal of Furusho as a director involved violations of Nevada law or the corporate bylaws, such procedural failures did not involve "intentional misconduct, fraud or a knowing violation of law" as required by NRS 78.138(7)(b).  Plaintiffs have not shown manifest error or new legal authority that warrants reconsideration of the Court's January 23, 2006, order.

For all of the foregoing reasons, plaintiffs' oral motion for reconsideration is DENIED.

DATED this 4th day of May, 2006.

*Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER DENYING PLAINTIFFS' ORAL
MOTION FOR RECONSIDERATION - 2