1

2

3

4

5

6

7                            UNITED STATES DISTRICT COURT
                            WESTERN DISTRICT OF WASHINGTON
8                                      AT SEATTLE

9

10   JAMES STEWART, SUE PEARCE, JOSEPH
     VIZZARD, WILIE JONES, TOLAN FURUSHO,
11   and KEITH ROBERTSON, derivatively on behalf        Case No.  CV04-2130RSL
     of Goldtech Mining Corporation, a Nevada
12   Corporation
                                                        ORDER VACATING JUDGMENT
13                    Plaintiffs,

14           vs.

15   TRACY KROEKER, RALPH JORDAN, JACK
     LASKIN, NANCY EGAN RICHARD SMITH,
16   and SERGE BOURGOIN,

17                    Defendants.

18
                     This matter comes before the Court on "Defendant Tracy Kroeker's Motion to
19
     Vacate" judgment pursuant to Fed. R. Civ. P. 60(b)(1) and (6).  Dkt. # 148.  The relevant
20
     portions of Rule 60(b) provide:
21
              [T]he court may relieve a party or a party's legal representative from a final
22            judgment, order, or proceeding for the following reasons: . . . (1) mistake,
              inadvertence, surprise, or excusable neglect; . . . or (6) any other reason justifying
23            relief from the operation of the judgment.  The motion shall be made within a
              reasonable time . . ."
24
     Defendant contends that she failed to appear for trial on May 4, 2006, because she did not
25
     receive notice of plaintiffs' motion to continue the trial or the Court's order setting the May 4,
26
     2006, trial date.  Defendant alleges that she first learned that a trial had occurred and a judgment
27

28   ORDER VACATING JUDGMENT - 1

1     had been entered against her through a business publication dated May 23, 2006.  Defendant

2     thereafter contacted the Court to find out how to challenge and/or vacate the judgment and was

3     advised to obtain counsel.  This motion to vacate was filed through counsel on June 19, 2006.

4            Plaintiffs assert that defendant was grossly negligent in failing to monitor the

5     electronic docket in this case, through which she would have discovered that the Court had set

6     the trial in this matter for May 4, 2006.  It is uncontested, however, that plaintiffs failed properly

7     to serve their motion to continue under Fed. R. Civ. P. 5(b)(2)(B): the motion was mailed to an

8     office in North Carolina, despite plaintiffs' awareness that defendant's last known address was

9     in Canada.  While defendant, acting *pro se*, could have discovered plaintiffs motion by

10    reviewing the docket, she was not obligated to predict and/or take precautions against plaintiffs'

11    failure to abide by the rules of civil procedure.  It was reasonable for her to assume that the

12    opposing party, represented by counsel, would comply with the service requirements of Rule 5.

13    Although it is not clear why defendant did not receive documents that were filed in CM/ECF,

14    including the Court's order continuing the trial date, her status as a non-electronic filer

15    introduces the possibility of human error in service.  In fact, there is evidence that the Ninth

16    Circuit's attempt at service was ineffective because that court failed to account for the extra

17    postage needed to send documents to defendant's address in Canada.  Defendant has stated that

18    she did not receive any documents from the Court or plaintiffs after her previous counsel

19    withdrew from the representation on January 25, 2006, and there is no reason to doubt her

20    veracity on this point.  Given that her name and address were properly recorded in the Court's

21    docketing system, it was not unreasonable for her to expect, as the Court did, that she would

22    receive copies of any order setting a new trial date in the above-captioned matter.  Her actions or

23    inactions between January 25, 2006, and the entry of judgment do not reflect gross negligence.

24    Her failure to appear at trial was the result of mistake and/or inadvertence: any neglect on her

25    part was excusable.  Defendant has therefore presented facts that justify relief from the judgment

26    under Rule 60(b)(1).

27            Plaintiffs also assert that defendant's motion to vacate was not filed within a

28    ORDER VACATING JUDGMENT - 2

1  reasonable time.  The Court disagrees.  Although judgment was entered on May 4, 2006,

2  defendant first learned of the judgment when she read about it in a business publication dated

3  May 23, 2006.  In the following 27 days, defendant contacted chambers staff, retained counsel,

4  and filed this motion to vacate.  Under the circumstances, the motion was timely filed.

5         Finally, plaintiffs argue that reopening this case will prejudice them because their

6  trial counsel has now withdrawn and they will be forced to incur the added expense of a second

7  trial.  While counsel's withdrawal is of concern, prior counsel was involved in this case for less

8  than six months when the first trial occurred, the remaining issues are very narrow, and current

9  counsel will be given adequate time to prepare for trial.  Nor is plaintiffs' argument regarding

10  the need "to pay the costs of having the matter fully litigated a second time" particularly

11  compelling.  This matter was never "fully litigated:"  none of the named plaintiffs appeared at

12  trial, no testimony was taken, and plaintiffs' counsel made an offer of proof which, being

13  uncontested, was accepted by the Court.  Making plaintiffs prove their claim against defendant

14  Kroeker is not unreasonable or prejudicial, especially where the prior proceeding was formulaic

15  and defendant was deprived of her ability to offer a defense.

16

17         For all of the foregoing reasons, defendant's motion to vacate is GRANTED and

18  the judgment entered on May 4, 2006 (Dkt. # 146) is VACATED.  The parties shall confer

19  regarding a trial date and contact the Court's judicial assistant, Teri Roberts, at 206-370-8810,

20  within ten days of the date of this Order.

21

22         DATED this 28th day of July, 2006.

23

24         _Mark S Lasnik_

25         Robert S. Lasnik
           United States District Judge

26

27

28  ORDER VACATING JUDGMENT - 3